UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -x
                                  :

UNITED STATES OF AMERICA,

                                  :      **MEMORANDUM DECISION**

   - against -

                                  :      01 Civ. 1986 (DC)

JOSE FERNANDEZ,                  97 Cr. 817 (DC)

                                  :

         Defendant.

                                  :
- - - - - - - - - - - - - - - - - -x

**CHIN, D.J.**

     On October 26, 1998, defendant Jose Fernandez pled guilty to one count of conspiracy to distribute and possess with intent to distribute more than one kilogram of heroin in violation of 21 U.S.C. § 846. He was sentenced to a term of imprisonment of 275 months.

     On March 8, 2001, defendant filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 on the grounds that he was denied effective assistance of counsel in violation of the Sixth Amendment. Specifically, defendant argued, <u>inter alia</u>, that his sentence should be vacated based on counsel's failure to challenge the sentencing enhancement Fernandez received under 21 U.S.C. § 851.

     By memorandum decision dated March 26, 2001 (the "Decision"), I denied the motion. <u>Fernandez v. United States</u>, 01 Civ. 1986 (DC), 2001 WL 293681 (S.D.N.Y. Mar. 27, 2001). Fernandez moved for reconsideration, and I denied the motion on August 22, 2002. <u>Fernandez v. United States</u>, 01 Civ. 1986 (DC), 2002 WL 1949213 (S.D.N.Y. Aug. 22, 2002). Fernandez now moves

this Court to "reinstate his original 28 U.S.C. § 2255" motion in light of the Supreme Court's decision in Shepard v. United States, 544 U.S. 13 (2005). The motion is denied.[1]

First, defendant's "motion to reinstate" appears to be a second or successive motion under § 2255. Accordingly, this Court does not have jurisdiction to consider the motion without certification by the Second Circuit Court of Appeals as provided in 28 U.S.C. § 2244. See 28 U.S.C. § 2255. Moreover, even assuming I have jurisdiction over the motion, the motion is likely untimely as it comes more than seven years after Fernandez pled guilty to this offense. 28 U.S.C. § 2255.

Second, as discussed in the Decision, Fernandez's arguments are foreclosed by his plea agreement, for Fernandez explicitly agreed that he would "neither appeal, nor otherwise litigate under Title 28, United States Code, Section 2255, any sentence within or below the stipulated Sentencing Guidelines range." (Plea Agreement, dated Oct. 25, 1993, at 3-4). Because I sentenced Fernandez within the stipulated range of 262 to 327 months, he has waived his right to bring this motion. See United States v. Garcia, 166 F.3d 519, 521 (2d Cir. 1999).

Third, even if Fernandez had not waived his right to bring this motion, Shepard does not require the Court to vacate

---

[1] Because I find that "[i]t plainly appears from the face of the [section 2255] motion and . . . the prior proceedings in the case that [Fernandez] is not entitled to relief," I do not order the United States Attorney to file an answer to the instant motion. See Rules Governing Section 2255 Proceedings For the U.S. Dist. Courts 4(b); Armienti v. United States, 234 F.3d 820, 822-23 (2d Cir. 2000).

his sentence. In Shepard, the Supreme Court rejected the Government's attempt following the defendant's entry of a guilty plea to increase the defendant's sentence from a 37-month maximum to a 15-year minimum under the Armed Career Criminal Act. Specifically, the Court held that the Government's reliance on police reports to prove the existence of the prior conviction was insufficient to increase the defendant's sentence above the statutory maximum for the crime to which he pled. Shepard, 166 F.3d at 1255. To the extent defendant's reliance on Shepard appears to challenge the reliability of the evidence of his prior convictions, this argument is rejected for defendant expressly acknowledged that he had been convicted of a prior drug felony. (Plea Agreement, at 1 ("defendant also agrees to affirm his May 23, 1990 felony conviction for criminal sale of a controlled substance in New York State Supreme Court"))

Moreover, even if I were to accept defendant's challenge to the reliability of the evidence of his prior convictions, Shepard is inapplicable to the facts of case as it involved an attempt to sentence a defendant above the statutory maximum for the crime to which he pled based on his prior convictions.[2] In contrast, in this case, evidence of defendant's prior conviction triggered an increase in the mandatory minimum

---

[2] Shepard falls within the sentencing factor exception under Apprendi v. New Jersey, 530 U.S. 466 (2000), which permits the fact of a prior conviction to be established other than by a plea of guilty or a jury verdict. Id. at 490; see United States v. Booker/FanFan, 530 U.S. 220, 244 (2005) (maintaining exception for prior convictions).

sentence, but the statutory maximum remained constant. In <u>United States v. Estrada</u>, the Second Circuit held that "increasing mandatory minimum sentences [based on] prior felony drug convictions" is constitutional where the statutory maximum remains constant. 428 F.3d 387, 390 (2d Cir. 2005). The sentence in this case is entirely consistent with <u>Apprendi</u> and its progeny, for Fernandez's plea to Count One of the indictment exposed him to a possible life imprisonment. <u>See</u> 21 U.S.C. § 841(b)(1)(A)(i) (establishing a maximum sentence of life in prison for a person who possesses with intent to distribute a kilogram or more of heroin). Thus, the sentence of 275 months did not "increase[] the penalty for [the] crime beyond the prescribed statutory maximum" penalty. <u>Apprendi v. New Jersey</u>, 530 U.S. at 490.

For the foregoing reasons, Fernandez's motion is denied. Because he has not made a substantial showing of the denial of a constitutional right, I decline to issue a certificate of appealability. <u>See</u> 28 U.S.C. § 2253 (1996) (as amended by the Antiterrorism and Effective Death Penalty Act). I certify pursuant to 28 U.S.C. § 1915(a)(3) that any appeal taken from this order would not be take in good faith.

Dated: New York, New York
April 14, 2006

DENNY CHIN
United States District Judge